

Board Certified in Personal Injury Trial Law by the Texas Board of Legal Specialization

819 N. Upper Broadway | Corpus Christi, Texas 78401
361-654-8877 | www.FloodTrialLawyers.com

May 30, 2024

Hon. George C. Hanks, Jr.
515 Rusk St., Room 6202
Houston, Texas 77002

      Re:    *Borchgrevink, et al. v. Harris County, Texas et al.*, Cause No. 4:23-cv-3198.

Dear Judge Hanks,

Counsel for Plaintiffs and Harris County submit the following letter pursuant Section 6.E of your Court Procedures concerning a discovery dispute.

### *Background Facts and Attempts to Confer*

On August 29, 2023, Plaintiffs filed suit against Harris County and Harris Health under the ADA, the Rehabilitation Act of 1973, and 42 U.S.C. § 1983, alleging that Matthew Shelton, a Type 1 diabetic, died in the Harris County Jail of preventable diabetic ketoacidosis. Doc. 1. On November 6, 2023, Harris County's Motion to Dismiss was filed. Docs. 12 and 21. That motion is fully briefed by the parties and remains pending. *See* Docs. 24 and 26. Last month, Plaintiffs filed a Partially Opposed Motion for Leave to Amend their Complaint which also remains pending. Doc. 50-1.

On February 23, 2024, Plaintiffs requested dates for the deposition of Harris County Sheriff Ed Gonzalez. Harris County refused this request on February 29th. Though Plaintiffs and Harris County have continued to confer on the Sheriff's deposition, including on March 14th by email (all attorneys) and by phone on March 19th (Jeff Edwards, Lisa Snead, & Greg Burnett) and April 24th (Jeff Edwards, John Flood, & Greg Burnett), the parties are unable to resolve the dispute.

### *Plaintiffs' Arguments*

The Court should compel the deposition of Sheriff Gonzalez as he is a critical fact witness in this case. Under well-settled law, a sheriff in Texas is the policymaker for the county jail. *See Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 244 (5th Cir. 1993) (finding a sheriff in Texas was "without question" the final policymaker for law enforcement in case of detainee who died in jail after allegedly not receiving medical care); *see also* TEX. LOCAL GOV'T CODE § 351.041. Accordingly, Plaintiffs identified Sheriff Gonzalez as Harris County's relevant policymaker for its claims arising from Matthew Shelton's suffering and death in the Harris County Jail. Doc. 1, p. 30, ¶ 163.

Under *Monell*, Plaintiffs' burden is to "show that (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Jauch v. Choctaw Cnty., Miss.*, 874 F.3d 425, 435 (5th Cir. 2017). In their original complaint, Plaintiffs identified numerous defects in Harris County's policies, practices, training, and supervision Plaintiffs allege were known to the Sheriff and were the moving force of Mr. Shelton's death. Doc. 1, pp. 30-31, ¶ 164 (summarizing defects); *id.* at pp. 19, 20, 22-25, 34, 35 , ¶¶ 95, 96, 99, 100, 103, 104, 106, 113, 115-133, 172, 173, 175. Likewise, Plaintiffs allege Sheriff Gonzalez, as the jail's policymaker, adopted and is aware of the dangerous conditions at the jail that led to Mr. Shelton's death. *Id.* at pp. 29, 34 ¶¶ 158, 171. Plaintiffs' proposed amended complaint expands upon these claims and adds the Sheriff

as a named defendant in light of his personal involvement in the constitutionally deficient training, policies, and supervision that led to the death of Matthew Shelton. *See* Doc. 50-1.

The Sheriff is the only person who can testify as to his knowledge of the policies, practices, training, and supervision at the jail in March 2022. In the unlikely event he is not the policymaker, he has knowledge as to whom he delegated his policymaking authority. At this stage, Plaintiffs need only show that the deposition is "reasonably calculated to lead to the discovery of admissible evidence," which Plaintiffs plainly can in light of their pleadings and the relevance of the Sheriff's personal knowledge. FED. R. CIV. P. 26(b)(1); *see also, Hobart v. City of Stafford*, No. CIV. A 09-3332, 2010 WL 3419660, at *1 (S.D. Tex. Aug. 30, 2010) (compelling depositions of alleged policymakers in § 1983 case). This Court should compel Harris County to present Sheriff Gonzalez for deposition. In the event the Court needs additional briefing, Plaintiffs request the opportunity to present additional arguments and authorities to the Court.

***Defendant Harris County's Arguments***
The Court should not compel the deposition of Sheriff Gonzalez as he is not a fact witness in this case. Plaintiffs' original complaint fails to identify any unique personal information Sheriff Gonzalez possessed regarding the circumstances leading to decedent Matthew Shelton's death. Further, Plaintiffs do not allege the Sheriff was personally involved in the acts that form the basis of their section 1983 civil rights action, i.e., ordering blood glucose testing for Shelton, ordering insulin injections for Shelton, and/or observing Shelton.

The court can impose restrictions where the discovery sought is "unreasonably cumulative or duplicative," or is obtainable "from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(1). In determining whether such intervention is necessary, the court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens. *Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (Kaplan, M.J.). Federal courts permit the depositions of high-level (or "apex") executives when conduct and knowledge at the highest levels of the corporation are relevant to the case. See, e.g., *Kimberly-Clark Corp. v. Cont'l Cas. Co.*, No. 3:05-CV-0475-D, 2006 WL 3436064, at *2 (N.D. Tex. 2006). However, "the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking an apex deposition, by way of deposing lesser-ranking employees." *Schmidt v. Goodyear Tire & Rubber Co.*, No. 2:01-CV-272 (HWM), 2003 U.S. Dist. LEXIS 28130, at *3 (E.D. Tex. 2003) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)). Unless the executive possesses "unique personal knowledge" about the controversy, the court should regulate the discovery process to avoid "oppression, inconvenience, and burden" to the executive and the corporation. *Computer Acceleration Corp. v. Microsoft Corp.*, 9:06-CV-140, 2007 WL 7684605, at *1 (E.D. Tex. 2007). Should alternative discovery methods prove inadequate, the court may revisit the issue to determine whether the deposition of a high-ranking executive remains necessary. *Turner v. Novartis Pharmaceuticals*, Civ. A. No. 10-0175, 2010 WL 5055828, at *4 (E.D. La. 2010); *Gauthier v. Union Pac. R. Co.*, No. 1:07-CV-12 (TH/KFG), 2008 WL 2467016, at *4 (E.D. Tex. 2008). The information sought from Gonzalez is obtainable "from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(1). While Gonzalez may have relevant knowledge, Plaintiffs must first utilize less intrusive means before taking his apex deposition. *Salter*, 593 F.2d at 651; *Schmidt*, 2003 U.S. Dist. LEXIS 28130, at *3.

Sincerely,
*/s/ John Flood*              */s/ Greg Burnett*
John Flood                    Greg Burnett