United States Courts
Southern District of Texas
FILED
*August 23, 2024*
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH BORCHGREVINK, | § | |
| REPRESENTATVE OF THE ESTATE OF | § | |
| MATTHEW RYAN SHELTON, DECEASED, | § | |
| AND MARIANNA RUTH THOMPSON | § | |
| Statutory Wrongful Death Beneficiary of | § | |
| MATTHEW RYAN SHELTON, DECEASESD | § | |
|     *Plaintiffs* | § | |
| v. | § | NO. 4:23-CV-03198 |
| | § | |
| HARRIS COUNTY, TEXAS and HARRIS | § | |
| COUNTY HOSPITAL DISTRICT d/b/a | § | |
| HARRIS COUNTY HEALTH SYSTEMS, | § | |
| ET. AL. | § | |
|     *Defendants* | § | |

**RULE 12 MOTION TO DISMISS AND ASSERTION OF QUALIFIED IMMUNITY
BY DEFENDANTS CHARLEY LAUDER AND ELIZABETH GARCIA
[corrected filing]**
==================================================================

MAY IT PLEASE THE COURT:

NOW COME DEFENDANTS, CHARLEY LAUDER and ELIZABETH GARCIA, in their Individual Capacity ("DEFENDANTS") and file this Rule 12 Motion to Dismiss and Assertion of Qualified Immunity, DEFENDANTS would show the Court as follows:

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................. 1
I. NATURE AND STAGE OF PROCEEDINGS ................................................... 2
II. ISSUES TO BE RULED UPON ......................................................................... 2
III. SUMMARY OF THE ARGUMENT .................................................................. 2
IV. MOTION TO DISMISS ...................................................................................... 3
    A.    Rule 12(b)(6) Motion to Dismiss. ............................................................. 3
    B.    Qualified Immunity. .................................................................................. 4
II. ARGUMENT AND AUTHORITIES ................................................................. 6
    A.    Fourteenth Amendment Standard. ............................................................ 6

B. No Pled Facts Pertaining to Lauder or Garcia Demonstrating Deliberate Indifference To a Serious Medical Need by Each Individual Defendant. ...................................................................................................... 7

C. Pleadings Do Not Overcome the Qualified Immunity Defense of Each Individual Defendant. ......................................................................................... 10

D. Legal Infirmities Pertaining to Sarah Borchgrevink as Representative of Ryan Shelton's' Estate Raised by Harris County and Harris Health Also Inure to Preclude Claims Against Individual Defendants Lauder and Garcia. ...... 12

CONCLUSION & PRAYER.................................................................................. 13

=======================================

# I. NATURE AND STAGE OF PROCEEDINGS

1. This is a Section 1983 action against Defendant Harris County and Harris County Hospital District alleging violation of the constitutional rights of a detainee in custody for denial of medical care. *See Docket #1, Plaintiff's Original Complaint.*

2. The lawsuit was originally filed against Defendant Harris County on August 29, 2024. On June 5, 2024, the Court allowed Plaintiffs' to file an Amended Complaint which added a number of individual defendants to the case, most of whom are current and former Detention Officers. *See Docket # 72, Plaintiffs' First Amended Complaint [FAC].*

3. Defendant Charley Lauder and Elizabeth Garcia are two former Detention Officers employed by the Harris County Jail who were added as individual defendants in this action. They have been sued in their individual capacity. Both Defendants hereby assert their qualified immunity from suit and from liability.

# II. ISSUES TO BE RULED UPON

4. The issues to be ruled upon in this Rule 12 Motion to Dismiss and Assertion of Qualified Immunity are whether Plaintiffs' have 1) pleaded a viable Section 1983 constitutional claim against Defendant Charley Lauder and / or Defendant Elizabeth Garcia and 2) whether the claim pleaded is sufficiently clearly established so as to overcome the defense of qualified immunity urged by both Defendants.

# III. SUMMARY OF THE ARGUMENT

5. Defendants Lauder and Garcia both contend that 1) Plaintiffs have not pleaded a constitutionally valid claim against them sufficient to survive a Rule 12 Motion to Dismiss and 2) that Plaintiffs have not sufficiently pleaded a clearly established constitutional right so as to overcome the defense of qualified immunity urged by both Defendants.

## IV. MOTION TO DISMISS

A. **Rule 12(b)(6) Motion to Dismiss.**

6. To survive a Rule 12 (b)(6) motion, the complaint must plead "enough facts to state a claim for relief that is plausible on its face."[1] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."[3] Rather, the court must be sure that the complaint alleges sufficient facts to move the claim "across the line from conceivable to plausible."[4] The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[5] While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to overcome a motion to dismiss."[7] Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level."[8] Section 1983 provides a federal

---

[1] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).
[2] *Id.* quoting *Bell Atl. Corp. v Twombly*, 550 U.S.544, 556 (2007).
[3] *Id*.
[4] *Twombly*, 550 U.S. at 570.
[5] *Culbertson v. Lykos,* 790 F.3d 608, 616 (5th Cir. 2015).
[6] *Twombly*, 550 U.S. at 555.
[7] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[8] *Twombly*, 550 U.S. at 555.

cause of action for the deprivation, under color of law, of a citizen's rights, privileges or immunities secured by the Constitution and laws of the United States.[9]

7.      Plaintiffs at best allege a perfunctory and conclusory allegation against Officers Lauder and Garcia contending, upon information and belief, that they (and others) violated Matthew Shelton's constitutional rights. They allege Officer Garcia may have been told by a nurse or Officer Lauder to take Shelton to the jail clinic. They allege that Officer Garcia "likely" did not perform the observation checks on inmates, despite the records showing she did so. They allege, without supporting documents or facts, that Officer Lauder was told by Shelton that he needed insulin and had symptoms of diabetic ketoacidosis, but she failed to take him to the clinic.  They allege that Officer Lauder, "likely" performed observation checks on March 25, despite records showing they were done by Officer Amalia Ruiz.  They further allege, without factual basis, that Officer Lauder "likely" failed to observe Shelton the day of March 27, 2022 until 3:42 p.m. when she found him already deceased in his cell.  All of these allegations of "likely" behavior are no more than baseless speculation and only a possibility that these Officers violated Shelton's constitutional rights.  Plaintiffs' claims against Officers Garcia and Lauder should be dismissed. *See Plaintiff's FAC, paras. 148 et. seq.*

**B.      Qualified Immunity.**

8.      Qualified immunity shields an officer from liability if his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[10]  In order to overcome qualified immunity, a plaintiff must show that the officer (1) violated a constitutional right and (2) that "the right at issue was 'clearly established' at the time of [the] alleged misconduct."[11]  Courts have discretion to address either or both prongs.[12]

---

9 *Lavidas v. Bradshaw*, 512 U.S. 107, 132 (1994).
10 *Pearson v. Callahan*, 555 U.S. 223, 231, (2009).
11 *Id*. at 232 (quotation omitted).
12 *Id*. at 236; *Ramirez v. Escajeda*, 44 F.4th 287, 291 (5th Cir. 2022).

9.      Once the qualified immunity defense is raised, the plaintiff possesses the burden of showing that the facts alleged demonstrate that the officer violated a constitutional right, and that the right was clearly established at the time of the violation.[13] This is a fact-specific inquiry to be made from the perspective of an objectively reasonable officer at the scene, rather than in hindsight.[14]

10.     Considering the Supreme Court's decision in *Pearson v. Callahan*, the courts are permitted to consider the question of whether a defendant is entitled to qualified immunity without first determining whether or not the plaintiff's constitutional rights were violated.[15] The Court is to decide if the conduct was objectively reasonable in light of clearly established law at the time of the incident.[16]

11.     "When properly applied, it [*qualified immunity*] protects all but the plainly incompetent or those who knowingly violate the law."[17]  Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.[18]  This means that Plaintiffs must demonstrate the violation of a clearly established constitutional right as to each individual defendant. *See Rogers v Jarrett,* 63 F.4th 971, 974 (5th Cir. 2023) (involving prison inmate who suffered a head injury); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc)(per curiam); *see also Thompson v Upshur county, 245 F.3d 447 (5th Cir. 2001)(addressing application of qualified immunity of state jail detention officers who allegedly should have known that an inmate's injuries were more serious than they appeared.)*

12.     As in the Eighth Amendment context, the deliberate indifference to a serious medical need is an extremely high standard to meet. *Hare v City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996); *see also Rogers,* 63 F.4th at 976; *and Dyer v Houston*, 964 F.3d 374, 381 (5th Cir. 2020) (deliberate indifference cannot be inferred merely from a negligent

---

13 *Pearson v. Callahan,* 555 U.S. 223, 236 (2009) (discussing the modified inquiry under *Saucier v. Katz,* 533 U.S. 194 (2001)).
14 *Graham v. Connor,* 490 U.S. 386 (1989).
15 *Pearson,* 555 U.S. at 236 (2009).
16 *Brown v. Callaghan,* 623 F.3d 249, 253 (5th Cir. 2010).
17 *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011).
18 *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013).

or even a grossly negligent response to a substantial risk of harm). *See also Daniels v. Williams*, 474 U.S. 327 (1986) and *Davidson v. Cannon*, 474 U.S. 344 (1986)(negligence does not state a claim for relief or overcome qualified immunity).

## II. ARGUMENT AND AUTHORITIES

**A.     Fourteenth Amendment Standard.**

13.     The constitutional rights of a pretrial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *See Hare v. City of Corinth, Miss.,* 74 F.3d 633, 639 (5th Cir. 1996); *Bell v. Wolfish,* 441 U.S. 520 (1979). Significantly, *Bell* instructs that the State must distinguish between pretrial detainees and convicted felons in one crucial respect: The State cannot punish a pretrial detainee. *Id.* at 535. ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."). Since the State *does* punish convicted prisoners, but *cannot* punish pretrial detainees, a pretrial detainee's due process rights are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, (1983).

14.     It is firmly settled in the Fifth Circuit that a due process claim could never be based on a jail official's negligent failure to provide either medical care or protection from harm. *Johnston v. Lucas,* 786 F.2d 1254 (5th Cir.1986), *Alberti v. Klevenhagen,* 790 F.2d 1220 (5th Cir.1986). *Partridge v. Two Unknown Police Officers,* 791 F.2d 1182 (5th Cir.1986). The fundamental rule is that negligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State. *See Davidson v. Cannon,* 474 U.S. 327, 348 (1986)("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."); *Johnston,* 786 F.2d at 1259 (rejecting liability for negligent failure-to-protect); *Partridge,* 791 F.2d at 1187 (rejecting liability for negligent failure to provide medical care); *see also Daniels v. Williams,* 474 U.S. 327, 332 (1986). Relying on *Daniels* and *Davidson,* the Seventh Circuit has held that gross negligence will not suffice either:

Defendant Lauder's and Garcia's Corrected Rule 12 Motion to
Dismiss and Assertion of Qualified Immunity                                                          -6-

> [T]he distinction between negligence and gross negligence does not respond to the due process clause's function, which is to control abuses of government power. A "gross" error is still only an error, and an error is not an abuse of power. Since an error by a government official is not unconstitutional, "it follows that 'gross negligence' is not a sufficient basis for liability."

*Salazar v. City of Chicago,* 940 F.2d 233, 238 (7th Cir.1991) (quoting *Archie v. City of Racine,* 847 F.2d 1211, 1220 (7th Cir.1988) (en banc)).

15.  These cases demonstrate that the constitutional standard of conduct must step up from negligence—that it must be more than mere or even gross negligence. *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 645 (5th Cir. 1996). Plaintiffs fail to allege any facts that rise above negligence. The alleged failure to observe an inmate, and failure to escort a prisoner to the clinic are not factual non-conclusory allegations of deliberate indifference despite Plaintiffs' repeated use of those words. Importantly, the jail healthcare providers were ultimately responsible for following up on Shelton's diabetic prescription and need to have his blood glucose monitored. Officers Garcia and Lauder were not alleged to have been capable of providing such treatment, only noticing that it had not been provided.

**B.   No Pled Facts Pertaining to Lauder or Garcia Demonstrating Deliberate Indifference To a Serious Medical Need by Each Individual Defendant.**

16.  Based on the pleadings, Plaintiffs have failed to state any plausible factual allegations of deliberate indifference or causation. As already stated, pretrial detainees have a right not to have their serious medical needs met with deliberate indifference.[19] A "serious medical need" exists when the need for treatment "is so apparent that even laymen would recognize that care is required."[20] For a plaintiff to succeed on a claim against an individual official for deliberate indifference of a serious medical need, they must show that "(1) the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official actually drew that inference."[21] In the context of claims based on denial of adequate medical care demonstrating deliberate

---

[19] *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020)
[20] *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).
[21] *Dyer*, 964 F.3d at 380 (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001)).

indifference to a serious medical need, there must be a pleading that prison officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Rogers v. Hierholzer*, 857 F. App'x 831, 833 (5th Cir. 2021) (per curiam) (quoting *Gobert*, 463 F.3d 9 at 346. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

17. In this case, Plaintiffs allege that on March 24, 2022, an LVN Ogunsanya told Charley Lauder or maybe one of 17 other officers on that shift, that Shelton needed to be taken to the Medical Clinic. [Dkt. 72, para. 147-148] Plaintiffs further allege, on "information and belief", that Shelton informed somebody on March 25, 2022 (Plaintiff lists four potential possibilities) that he was diabetic and needed insulin. [Dkt. 72, Para 169] They do not allege that Officers Lauder or Garcia actually observed any signs of a serious medical condition but in fact, they allege they failed to observe Shelton at all. Plaintiffs also do not allege that either Officer actually drew the conclusion from any observation of Shelton that there was a substantial risk of serious harm to Shelton if they failed to take action. In fact, they plead that detention officers were not trained to spot symptoms of low or high blood glucose, diabetic ketoacidosis or need for insulin. [Dkt. 72, para. 113] Based on this pleading, they have failed to state a claim for deliberate indifference.

18. To establish a cause of action under Section 1983, the Plaintiff must allege and show facts reflecting the defendant's participation in the alleged wrong, specifying the personal involvement of each Defendant. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Keller*, 950 F.2d 290, 292 (5th Cir. 1992)). Because vicarious liability does not apply in §1983 actions, Plaintiffs must demonstrate facts that directly tie the individually named Defendant into the alleged constitutional violation. *See Thompkins vs. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Further, when determining the conduct of individual Defendants, the conduct of each individual Defendant must be considered

separately and independently. *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 395 (5th Cir. 2000); *Stewart v. Murphy,* 174 F.3d 530, 537 (5th Cir. 1999). Plaintiff has failed to make allegations of specific actions of Officers Lauder and Garcia that place the onus of a constitutional violation directly on each of them individually.

19.    Plaintiff's pleadings are inadequate because they group individual Defendants together, vaguely asserting in many situations that "one or the other" of the individuals were supposed to take Shelton to the clinic, do observations checks; or failed to do observation checks. [Dkt. 72, para 169-177, 183-184]. Grouping Defendants together without directly asserting the conduct of each specific Defendant taken or that was failed to have been taken is insufficient. Further, other than bare unsubstantiated allegations that Shelton informed some officers of his need for some kind of medical attention, Plaintiffs have failed to meet their pleading burden. Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(internal citation omitted).

Plaintiffs pled that Officers Lauder and Garcia "failed or refused to stop at Mr. Shelton's cell to check on whether he was in medical distress. [Dkt. 72, para. 185]. Plaintiffs plead "[h]ad they done so they would have seen [that he was in serious medical distress]. [Dkt. 72, para. 186]. So according to these pleadings, these two Defendants did not ever specifically witness Shelton's medical condition and then ignore it. According to this pleading, they at worst, violated a jail protocol. They did not deliberately ignore a serious medical need of which they had become personally aware. Plaintiffs do not show how failure to notice symptoms of this medical condition is a known violation of clearly established constitutional rights. *Pearson,* 555 U.S. at 236 (discussing the modified inquiry under *Saucier v. Katz,* 533 U.S. 194, 201. At most, they allege individuals were negligent or careless in carrying out their duties. For Rule 12 purposes, Plaintiffs have failed to state a claim for which relief can be granted under the Fourteenth Amendment against Officers Lauder and Garcia; and their claims against Officers Lauder and Garcia should be dismissed on this basis.

**C.     Pleadings Do Not Overcome the Qualified Immunity Defense of Each Individual Defendant.**

20.     For all of the above reasons regarding the pleading defects as to a showing of a Fourteenth Amendment constitutional claim, the pleadings fail to overcome either Defendant Lauder or Garcia's qualified immunity. Plaintiff's factual allegations as to both Defendants Lauder and Garcia fail to show that either officer violated a constitutional right to not have serious medical needs met with deliberate indifference and that "this right", based on pled facts, was clearly established' at the time of [the] alleged misconduct.

21.     In this case, there are no factually pled details that Officer Garcia failed to observe Shelton but in fact was the one who was required to do so. On March 26, 2022, Plaintiffs allege Officer Garcia logged six observation checks. [Dkt. 72, para. 220]  On March 27, 2022, Plaintiffs allege Officer Garcia's log in was falsely used by another officer who was assigned the observation checks. [Dkt. 72, para. 226].  Additionally, there is mere factual speculation as to Shelton's medical condition at that time, if he had been observed as was known to both Officers Garcia and Lauder. The allegation that Officer Garcia's actions were the proximate cause of Shelton's injury and death, and the deprivation of his constitutional rights, is entirely speculative and fails to overcome her qualified immunity.

22.     They allege Officer Garcia *may have been* told by a nurse or Officer Lauder to take Shelton to the jail clinic on March 24, 2022, but it may have been one or several other officers. [Dkt. 72, para. 147-148]. They allege that Officer Garcia "likely" did not perform the six observation checks on inmates, despite the records showing she did so.  [Dkt. 72, para 221] They allege that other officers *may have* used Garcia's log-in to falsify observation checks. They do not allege that Garcia's would have known at any particular time that she needed to act to safeguard Shelton's medical condition. Therefore, Plaintiffs have failed to demonstrate a waiver of Officer Garcia's qualified immunity and their claims should be dismissed for failure to a state a claim for which relief can be granted.

23.     Plaintiff alleges without reference to any supporting facts or documents, that Shelton told Officer Lauder on March 25, 2022 that he was a Type 1 diabetic, needed insulin, needed a doctor and had symptoms of diabetic ketoacidosis but did not know how

to submit a request for medical treatment. [Dkt. 72, para. 169] Lauder allegedly ignored the inmate's request for help and obvious medical distress and refused to contact the clinic or take him to the clinic. [Dkt. 72, para. 170-171] Plaintiff alleges that the observation checks the evening of March 25, 2022 were ***likely*** completed by Lauder ***or others*** despite the log in of Officer Amalia Ruiz in Core Trak. [Dkt. 72, para. 184] Plaintiff alleges it is likely that neither Lauder nor others actually observed Shelton that evening. [Dkt. 72, para. 187] Lauder is alleged to have continued to ignore Shelton during the entire day shift of March 27, 2022, and to have logged observation checks at time when she was not even in the 2L unit in which Shelton was housed. [Dkt. 72, para. 244] Lauder is alleged to have escorted trustees delivering lunch that day and to have unlocked and then relocked each cell's panhole. [Dkt. 72, para. 250-251] She noticed that Shelton's food was still on the panhole and she dropped the container onto the floor of his cell without checking to see why he had not retrieved or consumed his lunch. [Dkt. 72, para. 251-252] Lauder allegedly escorted a nurse at 11:30 a.m. in delivering prescribed medication but they did not check on Shelton as he still had no prescription for insulin or blood pressure medication. [Dkt. 72, para. 255-257] Plaintiff alleges Lauder falsified her logged observation check that hour, because she did not actually observe each inmate. [Dkt. 72, para. 259] In the afternoon, it is alleged that Lauder used Garrett Woods' Core Trak log in when she performed the observation checks, or she used his log in but performed no observation checks. [Dkt. 72, para. 260]. If she had actually observed Shelton, it is alleged, Lauder would have known he was in distress and there was blood or vomit on the floor near his head. [Dkt. 72, para. 263]

24. These statements fail to overcome Lauder's qualified immunity by showing deliberate indifference to a known constitutional right. This is no more than a claim that she was negligent in failing to notice a medical condition which she was not trained to notice, and that may or may not have been obvious. Alternatively, it is a claim that she was negligent in failing to act more quickly to address a known medical condition. Shelton is alleged to have died around 1 p.m. but his death was not noticed until 3:42 p.m. when Lauder noticed Shelton's food remained untouched and she entered his cell. [Dkt. 72, para.

264, 271-272] Plaintiff alleges that she failed to promptly report the death until 4:09 p.m. Further Plaintiff alleges, without factual support that Lauder and Woods forged a transit pass for Shelton to go to Clinic and left it in his cell the day of his death. All of these allegations of "likely" behavior or factually unsupported statements are no more than baseless speculation and only a possibility that Officer Lauder violated Shelton's constitutional rights. These allegations do not demonstrate a waiver of qualified immunity.

**D.     Legal Infirmities Pertaining to Sarah Borchgrevink as Representative of Ryan Shelton's' Estate Raised by Harris County and Harris Health Also Inure to Preclude Claims Against Individual Defendants Lauder and Garcia.**

25.     "Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir.2004); 42 U.S.C. § 1988(a). "Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." *Id*. (citing *Rhyne v. Henderson Cnty*., 973 F.2d 386, 390–91 (5th Cir.1992)); *Handley v. City of Seagoville, Tex.*, 798 F.Supp. 1267, 1269 (N.D.Tex.1992). Under the Texas Survival Statute, heirs, legal representatives, and the estate of the injured person may bring a survival action. Tex. Civ. Prac. & Rem. Code § 71.021(b). "Generally, only personal representatives of the estate are entitled to bring a personal injury action." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–50 (2005) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (1998)).

26.     Plaintiffs have alleged in their Amended Complaint that Sarah Borchgrevink is the independent administrator of Shelton's estate. Ms. Borchgrevink was issued Letters of Administration and appointed as the Independent Administrator of Shelton's estate on April 12, 2023. However, on December 18, 2023, Probate Court Number One (1) of Harris County, Texas, in Cause no. 512551, ordered, adjudged, and decreed that the Letters of Independent Administration issued to Sarah Borchgrevink were thereby revoked, whether delivered or not. The Court further ordered the Clerk to drop the cause from the Court's docket. *See Dkt. 78 Co-Defendant Harris Health System's Rule 12(b)(1) & )(6), Motion to Dismiss; see also Dkt. 78.1 Order Granting Independent Administration (Harris County*

*Probate Court No. 1) and Dkt.78.2 Order Revoking Letter of Independent Administration and Drop Estate from Open Docket.*

27.     Defendants Lauder and Garcia therefore hereby join in and incorporate by reference the Rule 12 Motion to Dismiss filed by Co-Defendant Harris Health System. Sarah Borchgrevink therefore lacks legal authority to file this lawsuit on behalf of Matthew Shelton's estate. Ms. Borchgrevink lacks standing and capacity to file this lawsuit on behalf of Shelton's Estate and therefore the claim should be dismissed.

## CONCLUSION & PRAYER

Therefore, DEFENDANTS CHARLEY LAUDER and ELIZABETH GARCIA, hereby respectfully requests that the Court grant this Rule 12 Motion to Dismiss and assertion of Qualified Immunity on behalf of DEFENDANT LAUDER and GARCIA.

Alternatively DEFENDANTS request dismissal of the lawsuit against them for lack of Standing of Sarah Borchgrevink bring this action on behalf of the Estate of Ryan Shelton. DEFENDANTS also request such additional and further relief to which they are entitled at law or in equity.

SIGNED on the 14th day of JULY 2024.

Respectfully submitted,

By:     /s/Ricardo J. Navarro
        RICARDO J. NAVARRO
        LEAD COUNSEL TO BE NOTICED
        State Bar No. 14829100
        So. Dist. Id No. 5953
        rjnavarro@rampagelaw.com

By:     /s/ Robert L. Drinkard
        ROBERT L. DRINKARD
        LEAD COUNSEL TO BE NOTICED
        State Bar No. 24007128
        So. Dist. Id No. 29288
        rldrinkard@rampagelaw.com

        By:    /s/ Lori W. Hanson
LORI W. HANSON
State Bar No. 21128500
So. Dist. Id No. 281281
lwhanson@rampagelaw.com

**DENTON NAVARRO RODRIGUEZ BERNAL**
  **SANTEE& ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132

**COUNSEL FOR DEFENDANTS CHARLEY LAUDER AND ELIZABETH GARCIA**

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 14th day of AUGUST 2024.

John T. Flood
Lisa Snead
John T. Flood, L.L.P.
Email: john@floodtriallawyers.com
COUNSEL FOR PLAINTIFFS

Jeffrey S. Edwards
The Edwards Law Firm
Email: jeff@edwards-law.com
COUNSEL FOR PLAINTIFFS

John R. Strawn, Jr.
Strawn Pickens LLP
Email: jstrawn@strawpickents.com
COUNSEL FOR HARRIS HEALTH SYSTSEMS

Gregory R. Burnett
Harris County Attorney's Office
Email: gregory.burnett@harriscoutytx.gov
COUNSEL FOR HARRIS COUNTY, TEXAS

Suzanne Bradley
Harris County Attorney's Office
Email: Suzanne.bradley@harriscountytx.gov
COUNSEL FOR HARRIS COUNTY DEFENDANTS

        /s/ Ricardo J. Navarro
        RICARDO J. NAVARRO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH BORCHGREVINK, REPRESENTATVE OF THE ESTATE OF MATTHEW RYAN SHELTON, DECEASED, AND MARIANNA RUTH THOMPSON Statutory Wrongful Death Beneficiary of MATTHEW RYAN SHELTON, DECEASESD<br>  *Plaintiffs*<br>v.<br><br>HARRIS COUNTY, TEXAS and HARRIS COUNTY HOSPITAL DISTRICT d/b/a HARRIS COUNTY HEALTH SYSTEMS, ET. AL.<br>  *Defendants* | §§§§§§§§§§§§§§ | NO. 4:23-CV-03198 |

**ORDER ON RULE 12 MOTION TO DISMISS AND ASSERTION OF QUALIFIED IMMUNITY BY DEFENDANTS CHARLEY LAUDER AND ELIZABETH GARCIA**
=================================================================

  On this day the Court considered the Rule 12 Motion to Dismiss and Assertion of Qualified Immunity filed by Defendants Charley Lauder and Elizabeth Garcia. Having considered the responses, replies, and arguments of respective Counsel, the Court finds that the Motion to Dismiss should be _____ [GRANTED DENIED].

  It is, Therefore, Ordered that the claims and causes of action against Defendants Charley Lauder and Elizabeth Garcia are hereby _____.

  SO ORDERED.

                     _____
                     GEORGE C. HANKS, JR.
                     U.S. DISTRICT JUDGE