IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAH BORCHGREVINK, § <br> REPRESENTATIVE OF THE ESTATE § <br> OF MATTHEW RYAN SHELTON, § <br> DECEASED and MARIANNA RUTH § <br> THOMSON, statutory wrongful death § <br> beneficiary of MATTHEW RYAN § <br> SHELTON, DECEASED, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> HARRIS COUNTY, TEXAS and § <br> HARRIS COUNTY HOSPITAL § <br> DISTRICT d/b/a § <br> HARRIS HEALTH SYSTEMS § <br> § <br> *Defendants.* § | CIVIL ACTION NO. 4:23-cv-3198 |

**DEFENDANTS BRAYAN SILVA, LONNIE BROOKS, TIMOTHY OWENS, KALIN STANFORD, ALMALIA RUIZ AND ALEJANDRO NIETO'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND MOTION TO STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants BRYAN SILVA, LONNIE BROOKS, TIMOTHY OWENS, KALIN STANFORD, ALMALIA RUIZ, and ALEJANDRO NIETO (together "Defendants" or by individual names) file this Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion to stay pursuant to their assertions of qualified immunity. In support of said motions Defendants would respectfully show the Court as follows:

## TABLE OF CONTENTS

I. Statement Of The Nature and Stage of Proceedings .................................................. 1

II. Statement of Facts ..................................................................................................... 1

III. Statement of Issue, Summary of Argument and Standard of Review ...................... 1

IV. Argument and Authorities ......................................................................................... 4

    A. Plaintiffs' §1983 Individual Capacity Claims against Defendants Fail as a Matter of Law .................................................................................................................... 4

    B. No Pled Facts Pertaining to Defendants Demonstrating Deliberate Indifference To a Serious Medical Need by Each Individual Defendant. ............................................... 7

    C. Pleadings Do Not Overcome the Qualified Immunity Defense of Each Individual Defendant. ............................................................................................................ 10

    D. Legal Infirmities Pertaining to Sarah Borchgrevink as Estate Representative ........... 12

    E. Conclusion. ......................................................................................................... 13

Certificate of Word Count………………………………………………………………..14

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Alberti v. Klevenhagen,*
   790 F.2d 1220 (5th Cir.1986) ........................................................................................ 6

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*,
   300 F.3d 620 (5th Cir. 2001) ........................................................................................ 4

*Archie v. City of Racine,*
   847 F.2d 1211 (7th Cir.1988) ....................................................................................... 6

*Arnold v. Williams*,
   979 F.3d 262 (5th Cir. 2020) ........................................................................................ 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................... 2, 3

*Austin Nursing Ctr., Inc. v. Lovato*,
   171 S.W.3d 845 (2005) .............................................................................................. 12

*Backe v. LeBlanc*,
   691 F.3d 645 (5th Cir. 2012) ........................................................................................ 5

*Bank of Am., N.A. v. Knight,*

*725 F.3d 815 (7th Cir. 2013)* ............................................................................................... 8, 9
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 2, 3, 4
*Bell v. Wolfish*,
  441 U.S. 520 (1979) ................................................................................................................ 5
*Blackburn v. City of Marshall*,
  42 F.3d 925 (5th Cir. 1995) ................................................................................................. 4
*Brown v. Coulston*,
  463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ................................................................ 4
*City of Revere v. Massachusetts Gen. Hosp.*,
  463 U.S. 239, (1983) ............................................................................................................. 5
*Davidson v. Cannon,*
  474 U.S. 327 (1986) ............................................................................................................... 6
*Dyer v. City of Houston*,
  964 F.3d 374 (5th Cir. 2020) ............................................................................................... 7
*Gobert v. Caldwell*,
  463 F.3d 339 (5th Cir. 2006) ........................................................................................... 7, 8
*Gobert*,
  463 F.3d 9 ................................................................................................................................. 7
*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ........................................................................................... 3, 4
*Handley v. City of Seagoville, Tex.*,
  798 F.Supp. 1267 (N.D.Tex.1992) ................................................................................... 12
*Hare v. City of Corinth, Miss.*,
  74 F.3d 633 (5th Cir. 1996) ............................................................................................ 5, 6
*Jackson v. City of Hearne, Tex.*,
  959 F.3d 194 (5th Cir. 2020) ............................................................................................... 4
*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) ............................................................................................... 2
*Jacobs v. W. Feliciana Sheriff's Dep't*,
  228 F.3d 388 (5th Cir. 2000) ............................................................................................... 9
*Johnston v. Lucas,*
  786 F.2d 1254 (5th Cir.1986) ............................................................................................. 6
*Jolly v. Klein*,
  923 F.Supp. 931 (S.D. Tex. 1996) ..................................................................................... 9
*Leal v. McHugh*,
  731 F.3d 405 (5th Cir. 2013) ............................................................................................... 2
*Martinez v. City of Richland Hills*,
  846 Fed. Appx 238 (5th Cir. 2024) ................................................................................... 8
*Montoya v. FedEx Ground Package Sys., Inc.,*
  614 F.3d 145 (5th Cir. 2010) ............................................................................................... 3
*Morin v. Caire*,
  77 F.3d 116 (5th Cir. 1996) ................................................................................................. 2

*Murphy v. Keller*,
   950 F.2d 290 (5th Cir. 1992) ......................................................................................... 9
*Partridge v. Two Unknown Police Officers,*
   791 F.2d 1182 (5th Cir.1986) ........................................................................................ 6
*Pearson,*
   555 U.S. ....................................................................................................................... 10
*Pluet v. Frasier*,
   355 F.3d 381 (5th Cir.2004) ........................................................................................ 12
*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ......................................................................................... 2
*Reichle v. Howards*,
   566 U.S. 658 (2012) ....................................................................................................... 4
*Rhyne v. Henderson Cnty.*,
   973 F.2d 386 (5th Cir.1992) ........................................................................................ 12
*Rogers v. Hierholzer*,
   857 F. App'x 831 (5th Cir. 2021) .................................................................................. 7
*Rojero v. El Paso County*,
   226 F.Supp.3d 768 (W.D. Tex. Apr 28, 2016) .............................................................. 4
*Salazar v. City of Chicago,*
   940 F.2d 233 (7th Cir.1991) .......................................................................................... 6
*Saucier v. Katz,*
   533 U.S. 194 ................................................................................................................ 10
*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019) ......................................................................................... 3
*Shepherd v. Ledford*,
   962 S.W.2d 28 (1998) .................................................................................................. 12
*Stewart v. Murphy,*
   174 F.3d 530 (5th Cir. 1999) ......................................................................................... 9
*Taylor v. Books A Million, Inc.*,
   296 F.3d 376 (5th Cir. 2002) ............................................................................... 3, 4, 10
*Thompkins vs. Belt*,
   828 F.2d 298 (5th Cir. 1987) ......................................................................................... 9
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,*
   336 F.3d 375 (5th Cir. 2003) ......................................................................................... 3
*Washington ex rel. J.W. v. Katy Indep. School Dist.*,
   390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) .................................................................. 5

Statutes

42 U.S.C. § 1983 ............................................................................................................ 2, 4
42 U.S.C. § 1988 ............................................................................................................... 12
42 U.S.C. § 1988(a) .......................................................................................................... 12
42 U.S.C. §§ 1981, 1983, and 1988 .................................................................................. 12

Tex. Civ. Prac. & Rem. Code § 71.021(b) .................................................................... 12

Rules

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 2
Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................... 1, 2, 4

## I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.  This lawsuit stems from an alleged denial of medical care at the Harris County jail. [DE. ##1, 72]. Plaintiffs allege that the global acts of the County, and the named individuals violated the rights of Matthew Ryan Shelton ("Mr. Shelton") under Amendment Fourteen of U.S. Constitution  [*Id.*]. Plaintiffs generally allege a *Monell* claim against the County, including failure to train and supervise claims.

2.  Plaintiffs also seek damages, including punitive damages, against all named defendants.

## II.   STATEMENT OF FACTS

3.  Defendants are detention officers and supervisors at the Harris County jail.  Plaintiff alleges that the Defendants, while acting under color of law, each intentionally and deliberately failed or refused to observe Matthew Shelton in accordance with basic standards for signs of medical distress, despite his being in a single cell and knowing they were obligated to do so to protect detainees like Mr. Shelton and to address medical needs and provide access to care.  [DE #72 ¶ 646].

## III. STATEMENT OF ISSUE, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

4.  **Statement of Issue.** The issues to be ruled upon by the Court is whether or not Plaintiffs have 1) pleaded a viable Section 1983 constitutional claim against these Defendants and 2) whether the claim pleaded is sufficiently clearly established as to overcome the defense of qualified immunity.

5.      **Summary of Argument**. Defendants respectfully submit that under Rule 12(b)(6), Plaintiffs' claims against them must be dismissed with prejudice for failure to state a claim. They contend they are entitled to qualified immunity. It is clear from the face of Plaintiffs' pleadings that all claims must be dismissed as a matter of law because Plaintiffs have failed to state a claim against them for which relief is available under 42 U.S.C. § 1983. Thus, all of Plaintiffs' claims against them should be dismissed as a matter of law.

6.      **Standard of Review.**  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim").  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

8. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

9. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378.

### IV. ARGUMENT AND AUTHORITIES

**A. Plaintiffs' §1983 Individual Capacity Claims against Defendants Fail as a Matter of Law**

10. Defendants assert that they are immune from suit and therefore, not liable because they are cloaked by qualified immunity. Qualified immunity shields them "from civil damages liability unless they violated a statute or constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

4

11. The "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) (citation omitted). Plaintiffs, in this case, have not met the pleading standard necessary to subject Defendants to the burdens of litigation.

12. The constitutional rights of a pretrial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *See Hare v. City of Corinth, Miss.,* 74 F.3d 633, 639 (5th Cir. 1996); *Bell v. Wolfish,* 441 U.S. 520 (1979). Significantly, *Bell* instructs that the State must distinguish between pretrial detainees and convicted felons in one crucial respect: The State cannot punish a pretrial detainee. *Id.* at 535. ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."). Since the State *does* punish convicted prisoners, but *cannot* punish pretrial detainees, a pretrial detainee's due process rights are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, (1983).

13. It is firmly settled in the Fifth Circuit that a due process claim could never be based on a jail official's negligent failure to provide either medical care or protection from harm. *Johnston v. Lucas,* 786 F.2d 1254 (5th Cir.1986), *Alberti v. Klevenhagen,* 790 F.2d 1220 (5th Cir.1986). *Partridge v. Two Unknown Police Officers,* 791 F.2d 1182 (5th Cir.1986). The fundamental rule is that negligent inaction by a jail officer does not violate the due process rights of a person lawfully held in custody of the State. *See Davidson v. Cannon,* 474 U.S. 327, 348 (1986)("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."); *Johnston,* 786 F.2d at 1259 (rejecting liability for negligent failure-to-protect); *Partridge,* 791 F.2d at 1187 (rejecting liability for negligent failure to provide medical care); *see also Daniels v. Williams,* 474 U.S. 327, 332 (1986). Relying on *Daniels* and *Davidson,* the Seventh Circuit has held that gross negligence will not suffice either:

> [T]he distinction between negligence and gross negligence does not respond to the due process clause's function, which is to control abuses of government power. A "gross" error is still only an error, and an error is not an abuse of power. Since an error by a government official is not unconstitutional, "it follows that 'gross negligence' is not a sufficient basis for liability."

*Salazar v. City of Chicago,* 940 F.2d 233, 238 (7th Cir.1991) (quoting *Archie v. City of Racine,* 847 F.2d 1211, 1220 (7th Cir.1988) (en banc)).

14. There must be more than mere or even gross negligence. *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 645 (5th Cir. 1996). On this issue Plaintiffs fail to allege any facts that rise above negligence. The alleged failure to observe an inmate, and failure to escort a prisoner to the clinic are not factual non-conclusory allegations of deliberate indifference despite Plaintiffs' repeated use of those words. Importantly, the jail healthcare providers

6

were ultimately responsible for following up on Shelton's diabetic prescription and need to have his blood glucose monitored. Defendants are not alleged to have been capable of providing such treatment, only noticing that it had not been provided.

**B.     No Pled Facts Pertaining to Defendants Demonstrating Deliberate Indifference To a Serious Medical Need by Each Individual Defendant.**

15.     Based on the pleadings, Plaintiffs have failed to state any plausible factual allegations of deliberate indifference or causation.  As already stated, pretrial detainees have a right not to have their serious medical needs met with deliberate indifference.  *Dyer v. City of Houston*, 964 F.3d 374, 380 (5th Cir. 2020) A "serious medical need" exists when the need for treatment "is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). For a plaintiff to succeed on a claim against an individual official for deliberate indifference of a serious medical need, they must show that "(1) the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and (2) the official actually drew that inference." *Dyer*, 964 at 380.  In the context of claims based on denial of adequate medical care demonstrating deliberate indifference to a serious medical need, there must be a pleading that prison officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Rogers v. Hierholzer*, 857 F. App'x 831, 833 (5th Cir. 2021) (per curiam) (quoting *Gobert*, 463 F.3d 9 at 346. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not

constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

16. In this case, Plaintiffs allege that on March 24, 2022, an LVN (Ogunsanya) told one of 18 detention officers, that Shelton needed to be taken to the Medical Clinic. [DE #72, ¶¶ 147-148] Plaintiffs further allege, on "information and belief", that Shelton informed somebody on March 25, 2022 (Plaintiffs list four potential possibilities, including Brooks and Ruiz) that he was diabetic and needed insulin. [Dkt. 72, ¶ 169] They do not allege that Defendants actually observed any signs of a serious medical condition but in fact, they allege they failed to observe Shelton at all. Plaintiffs also do not allege that any of the Defendants actually drew the conclusion from any observation of Shelton that there was a substantial risk of serious harm to Shelton if they failed to take action. In fact, they plead that detention officers were not trained to spot symptoms of low or high blood glucose, diabetic ketoacidosis or need for insulin. [Dkt. 72, ¶ 113] Based on this pleading, Plaintiffs have failed to state a claim for deliberate indifference. *See Martinez v. City of Richland Hills*, 846 Fed. Appx 238, 243 (5th Cir. 2024) (dismissing claims against multiple individuals because the claims lacked specificity). With respect to March 26, 2022, similar speculative assertions are made against Defendants Stanford, Owens and Nieto. See DE 72 ¶¶ 219-224.

17. The mere fact that a detention officer was clocked in at the Jail while Shelton was housed there is not enough to impose individual liability for a claim under Section 1983 with sufficient specificity. As the Seventh Circuit has noted, "liability is personal." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). The notice pleading requirement

of the Federal Rules of Civil Procedure entitles each defendant to know what he or she did that is asserted to be wrongful, allegations based on a "theory of collective responsibility" cannot withstand a motion to dismiss. *Id.* (affirming dismissal of complaint because "a complaint based on a theory of collective responsibility must be dismissed.")

18.     To establish a cause of action under Section 1983, Plaintiffs must allege and show facts reflecting the defendant's participation in the alleged wrong, specifying the personal involvement of each Defendant. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Keller*, 950 F.2d 290, 292 (5th Cir. 1992)). Because vicarious liability does not apply in §1983 actions, Plaintiffs must demonstrate facts that directly tie the individually named Defendant into the alleged constitutional violation. *See Thompkins vs. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Further, when determining the conduct of individual Defendants, the conduct of each individual Defendant must be considered separately and independently. *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 395 (5th Cir. 2000); *Stewart v. Murphy,* 174 F.3d 530, 537 (5th Cir. 1999). Plaintiffs have failed to make allegations of specific actions of the Defendants that place the onus of a constitutional violation directly on each of them individually. Plaintiffs' pleadings are inadequate because they group individual Defendants together, vaguely asserting in many situations that "one or the other" of the individuals were supposed to take Shelton to the clinic, do observations checks; or failed to do observation checks. [Dkt. 72, ¶¶ 169-177, 183-184]. Grouping Defendants together without directly asserting the conduct of each specific Defendant taken or that was failed to have been taken is insufficient. Further, other than bare unsubstantiated allegations that Shelton informed some officers of his need for

9

some kind of medical attention, Plaintiffs have failed to meet their pleading burden. Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(internal citation omitted). Plaintiffs plead that each of the Defendants "failed or refused to stop at Mr. Shelton's cell to check on whether he was in medical distress. [DE 72, ¶ 185]. Plaintiffs plead "[h]ad they done so they would have seen [that he was in serious medical distress]. [DE 72, ¶ 186]. So according to these pleadings, these six Defendants did not ever specifically witness Shelton's medical condition and then ignore it. According to this pleading, they at worst, violated a jail protocol. They did not deliberately ignore a serious medical need of which they had become personally aware. Plaintiffs do not show how failure to notice symptoms of this medical condition is a known violation of clearly established constitutional rights. *Pearson,* 555 U.S. at 236 (discussing the modified inquiry under *Saucier v. Katz,* 533 U.S. 194, 201. At most, they allege the individual defendants were negligent or careless in carrying out their duties. Thus, for Rule 12 purposes, Plaintiffs have failed to state a claim for which relief can be granted under the Fourteenth Amendment against the Defendants; and their claims against them should be dismissed on this basis.

**C.    Pleadings Do Not Overcome the Qualified Immunity Defense of Each Individual Defendant.**

19.    For all of the above reasons regarding the pleading defects as to a showing of a Fourteenth Amendment constitutional claim, the pleadings fail to overcome the individual Defendants' qualified immunity. Plaintiffs' factual allegations as to each of them fail to

show that any of them violated a constitutional right to not have serious medical needs met with deliberate indifference and that this right, based on pled facts, was clearly established at the time of the alleged misconduct. For example, the sole allegation against Sergeant Bryan Silva is contained in paragraphs 209 and 210, an alleged dialogue based upon "information and belief." DE 72, ¶¶ 209-210.

20. In paragraph 646, DE 72, ¶ 646, Plaintiffs allege: "Detention Officers Charley Lauder, Elizabeth Garcia, Paulino Olguin, William Russell, Garrett Woods, Timothy Owens, Kalin Sanford, Brayan Silva, Amber Bailey, Amalia Ruiz, Jeremiah Adebola, Allyson Hurd, Dentrell Woods, Kimberly Rossell, Marvin Perkins, Lonnie Brooks, Sergeant Alejandro Nieto, and Sergeant Bryan Collins (the Individual Detention Officer Defendants), while acting under color of law, each intentionally and deliberately failed or refused to observe Matthew Shelton in accordance with basic standards for signs of medical distress, despite his being in a single cell and knowing they were obligated to do so to protect detainees like Mr. Shelton and to address medical needs and provide access to care." Facts are not provided to support such a conclusory and catchall allegation. Additionally, the allegations are simply speculation as to Shelton's medical condition at various times.

21. Therefore, Plaintiffs have failed to demonstrate a waiver of the Defendants' individual assertions of qualified immunity, and Plaintiffs' claims should be dismissed for failure to a state a claim for which relief can be granted.

22. Plaintiffs' allegations fail to overcome Defendants' qualified immunity by showing deliberate indifference to a known constitutional right.

**D.      Legal Infirmities Pertaining to Sarah Borchgrevink as Estate Representative**

23.     "Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir.2004); 42 U.S.C. § 1988(a). "Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." *Id*. (citing *Rhyne v. Henderson Cnty*., 973 F.2d 386, 390–91 (5th Cir.1992)); *Handley v. City of Seagoville, Tex.*, 798 F.Supp. 1267, 1269 (N.D.Tex.1992). Under the Texas Survival Statute, heirs, legal representatives, and the estate of the injured person may bring a survival action. Tex. Civ. Prac. & Rem. Code § 71.021(b). "Generally, only personal representatives of the estate are entitled to bring a personal injury action." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–50 (2005) (citing *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (1998)).

24.     Plaintiffs have alleged in their Amended Complaint that Sarah Borchgrevink is the independent administrator of Shelton's estate. Ms. Borchgrevink was issued Letters of Administration and appointed as the Independent Administrator of Shelton's Estate on April 12, 2023. However, on December 18, 2023, Probate Court Number One (1) of Harris County, Texas, in Cause no. 512551, ordered, adjudged, and decreed that the Letters of Independent Administration issued to Sarah Borchgrevink were thereby revoked, whether delivered or not. The Court further ordered the Clerk to drop the cause from the Court's docket. *See Dkt. 78 Co-Defendant Harris Health System's Rule 12(b)(1) & )(6), Motion to Dismiss; see also Dkt. 78.1 Order Granting Independent Administration (Harris County*

*Probate Court No. 1) and Dkt.78.2 Order Revoking Letter of Independent Administration and Drop Estate from Open Docket.*

25.     Defendants hereby join in and incorporate by reference the Rule 12 Motion to Dismiss filed by Co-Defendant Harris Health System. Sarah Borchgrevink therefore lacks legal authority to file this lawsuit on behalf of Matthew Shelton's Estate. Ms. Borchgrevink lacks standing and capacity to file this lawsuit on behalf of Shelton's Estate, and therefore such claim should be dismissed.

**E.     Conclusion.**

26.     For the reasons stated herein, Plaintiffs have failed to state any claim upon which relief can be granted against Defendants. Plaintiffs have not overcome Defendants' entitlement to qualified immunity. Accordingly, they are entitled to dismissal of Plaintiffs' claims against them as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court grant their motion and enter an order dismissing Plaintiffs' claims against them with prejudice, award them costs and attorneys' fees and grant all other relief to which these defendants are entitled.

Date: September 4, 2024.          Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

        **NATALIE G. DELUCA**
        MANAGING COUNSEL,
        DEFENSIVE LITIGATION, EMPLOYMENT, &
        REAL
        ESTATE DIVISIONS

By:   */s/ James C. Butt*
        **JAMES C. BUTT**
        Sr. Assistant County Attorney
        ATTORNEY-IN-CHARGE
        State Bar No. 24040354
        Fed. Bar No. 725423
        Phone: (713) 274-5133 (direct)
        james.butt@harriscountytx.gov
        **CHARLES SHAW**
        Assistant County Attorney
        ATTORNEY-TO BE NOTICED
        State Bar No. 24085951
        Fed. Bar No. 3193599
        Tel: (713) 274-3068 (direct)
        charles.shaw@harriscountytx.gov

        **OFFICE OF THE HARRIS COUNTY ATTORNEY**
        1019 Congress
        Houston, Texas 77002
        Phone: (713) 274-5133 (direct)

        **ATTORNEYS FOR DEFENDANTS OWENS, RUIZ, NIETO, SILVA, BROOKS, STANFORD**

**CERTIFICATE OF WORD COUNT**

I certify that this document's word count is **3,619** excluding caption, tables, signature block and certificates.

        */s/ Jim Butt*

14

James C. Butt

## **CERTIFICATE OF CONFERENCE**

I certify that on August 15, 2024, I conferred with Mr. Flood, attorney for Plaintiff son the relief sought in this motion. It is understood Plaintiffs oppose the motion in its entirety.

*/s/ Jim Butt*
James C. Butt

## **CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

*/s/James C. Butt*
James C. Butt