IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH BORCHGREVINK, § | | |
| REPRESENTATVE OF THE ESTATE OF § | | |
| MATTHEW RYAN SHELTON, § | | |
| DECEASED, § | | |
| AND MARIANNA RUTH THOMPSON § | | |
| Statutory Wrongful Death Beneficiary of § | | |
| MATTHEW RYAN SHELTON, § | | |
| DECEASESD § | | |
|     *Plaintiffs* § | | |
| v. § | NO. 4:23-CV-03198 | |
| § | | |
| HARRIS COUNTY, TEXAS and HARRIS § | | |
| COUNTY HOSPITAL DISTRICT d/b/a § | | |
| § | | |
| HARRIS COUNTY HEALTH SYSTEMS, § | | |
|   ET. AL. § | | |
|     *Defendants* § | | |

**REPLY IN SUPPORT OF RULE 12 MOTION TO DISMISS AND
ASSERTION OF QUALIFIED IMMUNITY BY
DEFENDANTS CHARLEY LAUDER AND ELIZABETH GARCIA**

===============================================================

    Plaintiffs' ill-drawn conclusion that Officer Lauder and Officer Garcia should be denied qualified immunity hinges on whether one of them was the "unidentified detention officer" who was "standing within earshot" of a conversation between Decedent Matthew Shelton and LVN Ogaunsanya, in which the Decedent's blood glucose was supposedly discussed and whether one of them was told by LVN Ogaunsanya that Shelton needed to go to the medical clinic. *See* Doc. 72, ¶¶ 136-147.

    Plaintiffs argue at once that Officer Lauder *was not* the "unidentified detention officer" who interacted with LVN Ogaunsanya—and that Officer Lauder *was* the "unidentified detention officer" that interacted with LVN Ogaunsanya.[1] *See* Doc. 72, ¶¶

---

[1] Plaintiffs argue that they have a good faith belief that Lauder is the unidentified detention officer. Doc. 140-2, p. 18. The detailed factual complaint, however, reflects that Plaintiffs know what schedules the

147-48. Similarly, Plaintiffs argue at once that Officer Garcia *was not* the officer that interacted with LVN Ogaunsanya—and that Officer Garcia *was* the officer that interacted with LVN Ogaunsanya. *Id*.

Plaintiffs also aver that the unidentified detention officer could have been Detention Officer Paulino Olguin; or Detention Officer William Russell; or Detention Officer Garrett Woods; or Detention Officer Timothy Owens; or Detention Officer Kalin Stanford; or Detention Officer Brayan Silva; or Detention Officer Amber Bailey; or Detention Officer Amalia Ruiz; or Detention Officer Jeremiah Adebola; or Detention Officer Allyson Hurd; or Detention Officer Dentrell Woods; or Detention Officer Kimberly Rossell; or Detention Officer Marvin Perkins; or Detention Officer Lonnie Brooks; or Sergeant Alejandro Nieto; or Sergeant Bryan Collins. Doc. 72 ¶ 148.

This factual allegation is the lynchpin of Plaintiffs' case because they allege that this interaction caused Lauder or Garcia to have been on notice of Decedent Shelton's substantial risk of serious harm. Yet, Plaintiffs acknowledge it was only one officer—not both—and Plaintiffs argue that if not them, it could have been one of *sixteen* other officers. Their wholly imprecise allegation does not overcome qualified immunity.

Further, Plaintiffs argue that in the day preceding Decedent's death, neither Officer Lauder nor Officer Garcia ever looked into Decedent's cell and, therefore, did not see him in medical distress. Yet, Plaintiffs conclude that the officers were deliberately indifferent to Shelton's signs of medical distress, which, according to the First Amended Complaint, the officers never actually saw.

Based on Plaintiffs' pleading, Officers Lauder and Garcia are entitled to qualified immunity.

---

deputies work. A cursory review of their own pleadings, much less the documents they have received from Harris County, shows that Lauder worked the day shift (0600-1800) and would not have been at work at the time Plaintiffs claim she may have been the unidentified officer who interacted with LVN Ogaunsanya around 0155 on March 24, 2022.

**Alternative theories of liability are not the same as alternative pleaded facts**

As a threshold matter, Plaintiffs' Response to Officer Launder and Garcia's Motions to Dismiss rests on the premise that their contrary factual averments are simply "allegations in the alternative," which do not allow the Court to grant the officers' motion to dismiss. Doc. 140-2, p. 18-19. Plaintiffs' argument is misguided.

Plaintiffs cite *Stacks v. City of Bellmead* and *Randle v. Lockwood* both of which are inapposite and do not stand for the proposition Plaintiffs advance.

In *Stacks*, the Court acknowledged that different theories of liability in an employment case (Cat's Paw theory versus non-Cat's Paw theory) could withstand a motion to dismiss. That is not the same as what Plaintiffs have done here, which is allege that the officers *both had and did not have the conversations and observations that could impose liability*.

*Randle* is even less helpful to Plaintiffs. Contrary to Plaintiffs' representation, the Court in *Randle* did not deny the motion to dismiss of the nurse whom the plaintiff alleged may have been involved in the treatment of the decedent. Instead, the Court found that it had to "delay its ruling on qualified immunity to determine whether it was in fact Nurse Nicki who spoke to Plaintiff's mother and, if so, whether she took any action to provide Plaintiff with access to medical care." *Randle v. Lockwood*, No. 6:15-cv-084-RP, 2017 WL 892493, *16 (W.D. Tex. Mar. 6, 2017). In other words, the Court recognized that qualified immunity could not be denied where the pleadings were ambiguous about whether the individual defendant engaged in conduct that could impose liability.

While Officers Lauder and Garcia certainly agree that alternative theories of *liability* are not fatal under Rule 8, *unreconcilable facts* (*i.e.*, she spoke to the nurse, and, alternatively, she did not speak to the nurse) are not. An individual who would otherwise be entitled to qualified immunity cannot be denied same based on the allegations *that they both did and did not engage in the conduct* that compromises qualified immunity. Accordingly, the Court should grant the Officers qualified immunity.

## This is dissimilar to *Smith v. WellPath*

The same predicament plagues Plaintiffs' erroneous attempt to analogize this case to *Smith v. WellPath*. If anything, *Smith* highlights the failure in Plaintiffs' pleading against Officers Lauder and Garcia. There, the operative pleading alleged that Detention Officer Hinojosa, who was asserting qualified immunity, admitted that he had observed the decedent vomiting in his cell, lying on the floor and "playing with the wall," and that Hinojosa perceived the decedent as being in an "altered mental state" in the hours before he died and that in response, Hinojosa provided the decedent with nothing more than cholesterol medicine and Gatorade. *Smith v. Wellpath Recovery Solns. LLC, C.A.*, No. 2:21-cv-00235, 2022 WL 4534997, *3 (S.D. Tex. Aug. 25, 2022). The Court found that the plaintiff sufficiently alleged factual content sufficient to show Hinojosa was deliberately indifferent to the decedent's substantial risk of serious harm and denied qualified immunity.

Here, Plaintiffs first allege that Officers Lauder or Garcia *either did or did not* interact with LVN Ogaunsanya. And then, Plaintiffs make the conclusory arguments that the Officers must have known that Shelton was in distress, while simultaneously alleging that they never actually observed him. That was not at all the issue before the court in *Smith v. WellPath*, which is why that holding is not instructive here.

## Plaintiffs fail to allege deliberate indifference

Finally, even if Plaintiffs' allegation that Officer Lauder and Officer Garcia both did and did not overhear a conversation about Decedent's glucose levels and his need to go to the clinic were sufficiently pleaded, that incident allegedly occurred three days before Decedent's death. In Plaintiffs' allegations about Lauder and Garcia's subsequent conduct, Plaintiffs are critical of the Officers' alleged failure to observe Decedent; thus, their ignorance of Decedent's condition. Plaintiffs allege that the Officers changed their activity logs to show that they tended to Decedent when they did not.

At best, this complains of the Officers' malfeasance, which does not constitute the intentional disregard required to constitute deliberate indifference to permit doing away with Officer Lauder's qualified immunity. *See Brown v. Callaghan,* 623 F.3d 249, 253 (5th

Cir. 2010). *See also*, *Gomez v. City of Houston*, 587 S.W.3d 893 (Tex. App. 2019) (holding that, "[t]he good-faith standard for official immunity is analogous to an abuse-of-discretion standard that protects all but the plainly incompetent or those who knowingly violate the law)"

**CONCLUSION & PRAYER**

Therefore, DEFENDANTS CHARLEY LAUDER and ELIZABETH GARCIA, hereby respectfully request that the Court grant this Rule 12 Motion to Dismiss and assertion of Qualified Immunity on behalf of DEFENDANT LAUDER and GARCIA.

Alternatively, DEFENDANTS request dismissal of the lawsuit against them for lack of Standing of Sarah Borchgrevink bring this action on behalf of the Estate of Ryan Shelton. DEFENDANTS also request additional and further relief to which they are entitled at law or in equity.

SIGNED on the 27th day of SEPTEMBER 2024.

Respectfully submitted,

By:   /s/*Ricardo J. Navarro*
RICARDO J. NAVARRO
LEAD COUNSEL TO BE NOTICED
State Bar No. 14829100
So. Dist. Id No. 5953
rjnavarro@rampagelaw.com

By:   /s/ Kelly R. Albin
KELLY R. ALBIN
State Bar No. 24086079
So. Dist. Id No. 3792304
kralbin@rampagelaw.com
**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH, P.C.**
549 N. Egret Bay, Suite 200
League City, Texas 77573
Tel. 832.632.2102
Fax 832-632-2132
**COUNSEL FOR DEFENDANTS CHARLEY LAUDER AND ELIZABETH GARCIA**

## CERTIFICATE OF SERVICE

 I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 27th day of SEPTEMBER 2024.

 John T. Flood
 Lisa Snead
 John T. Flood, L.L.P.
 Email: john@floodtriallawyers.com
 COUNSEL FOR PLAINTIFFS

 Jeffrey S. Edwards
 The Edwards Law Firm
 Email: jeff@edwards-law.com
 COUNSEL FOR PLAINTIFFS

 John R. Strawn, Jr.
 Strawn Pickens LLP
 Email: jstrawn@strawpickents.com
 COUNSEL FOR HARRIS HEALTH SYSTSEMS

 Gregory R. Burnett
 Harris County Attorney's Office
 Email: gregory.burnett@harriscoutytx.gov
 COUNSEL FOR HARRIS COUNTY, TEXAS

 Suzanne Bradley
 Harris County Attorney's Office
 Email: Suzanne.bradley@harriscountytx.gov
 COUNSEL FOR HARRIS COUNTY DEFENDANTS

          /s/ *Ricardo J. Navarro*
          RICARDO J. NAVARRO