United States District Court
Southern District of Texas
**ENTERED**

December 18, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH BORCHGREVINK, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-03198 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
|     Defendants. | § | |

## <u>ORDER</u>

Pending before the Court are two Motions to Dismiss filed by Defendants Harris County Hospital District ("Harris Health") (Dkt. 78) and Harris County (Dkt. 79). Having carefully considered the motions, the response, the replies, the sur-replies,[1] and the relevant law, the Court **GRANTS** Harris County's motion **IN PART** and otherwise **DENIES** both Motions (Dkts. 78, 79).

The Court finds that Plaintiff Borchgrevink has standing to bring claims as the independent administrator of Mr. Shelton's estate. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005) (plaintiff is able to remedy defective capacity to relate back to timely original petition on behalf of estate). Additionally, the Court finds that Plaintiffs have successfully pled claims against both Harris Health and Harris County under the Americans with Disability Act, 42 U.S.C.§ 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 701 et seq. Further, Plaintiffs have successfully pled

---

[1] The Court **GRANTS** Plaintiff Borchgrevink's Motion for Leave to File Sur-Reply (Dkt. 147).

*Monell* claims against both Defendants under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

As to Harris County, the Court finds that Plaintiffs have not successfully pled a claim for the denial of access to courts.[2] To state a claim for the denial of access to the courts, Plaintiffs must "identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *Jones v. Kelly*, 611 F. App'x 229, 231 (5th Cir. 2015) (quoting *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012)). The Court finds that, assuming arguendo that Plaintiffs have satisfied the first two elements, Plaintiffs fail to successfully plead the third element of this claim.

Plaintiffs allege that Harris County's actions "deprived them of their ability to present the best possible case to the Court." (Dkt. 72 at p. 126). However, this alleged harm is insufficient to plead a denial-of-access claim. *See Waller v. Hanlon*, 922 F.3d 590 (5th Cir. 2019) (finding a denial-of-access claim unripe where alleged activity had yet to result in harm further than a delay in filing the underlying claim). Unless and until Plaintiffs suffer some "concrete setback traceable to the defendants' alleged coverup, their allegation that the defendants impaired their effort to bring that claim is no more than speculation about an event that may or may not come to pass." *Waller*, 922 F.3d at

---

[2] The Court's ruling on this claim does not preclude any motions for sanctions based upon spoliation of evidence or other sanctions regarding discovery available in civil suits. The Court only holds that Plaintiffs cannot bring a separate claim for the denial of access of courts at this time.

602. The Court holds that Plaintiffs have not adequately alleged a necessary element of her denial-of-access claim, and Harris County's Motion to Dismiss (Dkt. 79) is **GRANTED** as to this claim. Still, "the possibility remains that [Plaintiffs] will be able to state such claims in the future if [their underlying claim] goes south in later stages of this litigation." *Waller*, 922 F.3d at 603.

Accordingly, Harris County's Motion to Dismiss Plaintiffs' claim for the denial of access to courts (Dkt. 79 at pp. 26 – 27) is **GRANTED**. The Court holds that Harris Health and Harris County's Motions to Dismiss (Dkts. 78, 79) are otherwise **DISMISSED**.

SIGNED at Houston, Texas on December 18, 2024.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE